**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Specialty Insurance Company, | No. CV-18-08092-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Dorn Homes Incorporated, et al., | |
| Defendants. | |

This case was filed on May 5, 2018. (Doc. 1.) On July 24, 2018, the Court issued a Scheduling Order setting various deadlines, including a March 15, 2019 deadline for fact discovery, a January 3, 2020 deadline for all discovery, and a February 7, 2020 dispositive motions deadline. (Doc. 21 at ¶¶ 4, 10, 14.) The Order stated that "all parties shall comply with the deadlines" established in the Order and further noted that the Court would strictly enforce them. (*Id.* at 1.)

Nevertheless, on March 20, 2019, five days after the fact discovery deadline lapsed, the parties filed a Stipulation to Amend Scheduling Order (Doc. 30) asking for a three-month extension of the above-mentioned deadlines and various others. (Doc. 30-1 at 1-2.) The parties offered only one reason to justify the proposed modification of the Scheduling Order: "Due to the trial schedule of counsel for plaintiff, the depositions were unable to be scheduled prior to the March 15 deadline to complete fact discovery." (Doc. 30 at 1.)

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." The 'good

cause' standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

Here, the parties' sole reason for seeking an extension, including an after-the-fact extension of the fact discovery deadline, is that "the trial schedule of counsel for plaintiff" made it impossible to schedule certain unspecified depositions before the fact discovery deadline. (Doc. 30 at 1.) This is a particularly half-hearted attempt to comply with Rule 16's "good cause" requirement. When was the trial? How long was it? Was Plaintiff's counsel already aware of it when the parties agreed to the scheduling order in this case, which provided eight months to complete depositions? Are the other three attorneys who have made appearance on behalf of Plaintiff incapable of conducting depositions? The absence of such information, coupled with the belated timing of the extension request and the fact that docket doesn't reflect the service of any discovery, the noticing of any depositions, or any other action over the last three months, strongly suggests a showing of diligence can't be made here.

Nevertheless, the Court will grudgingly agree to a modest extension of the fact discovery deadline.

Accordingly,

**IT IS ORDERED** granting in part and denying in part the parties' Stipulation to Amend Scheduling Order (Doc. 30).

**IT IS FURTHER ORDERED** extending the fact discovery deadline to **May 3, 2019**. All other deadlines will remain as they were. Additionally, because this matter was transferred to a new judge after the original case management order (Doc. 21) was issued, this Court will issue an entirely new Amended Case Management Order, altering various procedures and the fact discovery deadline but otherwise retaining the deadlines from the original Scheduling Order.

**IT IS FURTHER ORDERED** that any motion or stipulation to modify the Amended Case Management Order must be designated "second request" and must cite this

Order.  Any such motion will be viewed with disfavor by the Court and will be granted only in the case of demonstrable good cause.

Dated this 25th day of March, 2019.

Dominic W. Lanza
United States District Judge