**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Specialty Insurance Company, | No. CV-18-08092-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Dorn Homes Incorporated, et al., | |
| Defendants. | |
| Dorn Homes Incorporated, | |
| Counter Claimant, | |
| v. | |
| United Specialty Insurance Company | |
| Counter Defendant. | |

Pending before the Court is the Motion to Extend the Amended Scheduling Order (Doc. 68) filed by Plaintiff/Counter-Defendant United Specialty Insurance Company ("USIC"). Defendant/Counter-Claimant Dorn Homes, Inc., ("Dorn") has filed an opposition (Doc. 72) and USIC has filed a reply (Doc. 74). For the following reasons, the motion will be denied.

## BACKGROUND

In or around April 2017, Dorn became aware of alleged construction defects in a subdivision of homes it had built in Prescott Valley, Arizona. (Doc. 68 at 2; Doc. 72 at 2.)

In response, Dorn hired two engineering firms, Felten[1] and PGG, to conduct an investigation. (*Id.*) Dorn also alerted its insurance company, USIC, that it had potential exposure. (*Id.*)

Through its investigation, Dorn concluded that "two interconnected issues"—specifically, expansive soils and truss movement—had contributed to the damage. (Doc. 72 at 2.) As a result, "Dorn implemented certain repairs to address these issues." (*Id.*) Dorn then sought reimbursement from USIC "in excess of $3,700,000." (Doc. 74 at 2.) USIC denied this reimbursement claim, and this lawsuit ensued.

On May 5, 2018, USIC filed its complaint. (Doc. 1.) In a nutshell, USIC seeks declaratory relief concerning its insurance coverage for the costs incurred by Dorn. (Doc. 68 at 2.)

On July 24, 2018, the Court issued a scheduling order that, among other things, set (1) a fact discovery deadline of March 15, 2019, (2) expert disclosure deadlines of August 16, 2019 (for the party with the burden of proof) or September 20, 2019 (party without the burden), (3) a deadline of January 3, 2020 for the close of "all" discovery, and (4) a dispositive motions deadline of February 7, 2020. (Doc. 21.)

On March 20, 2019, five days after the fact discovery deadline had expired, the parties filed a stipulation requesting the extension of various deadlines. (Doc. 30.)

On March 25, 2019, the Court granted in part and denied in part the parties' stipulation. (Doc. 31.) The Court stated:

> Here, the parties' sole reason for seeking an extension, including an after-the-fact extension of the fact discovery deadline, is that "the trial schedule of counsel for plaintiff" made it impossible to schedule certain unspecified depositions before the fact discovery deadline. (Doc. 30 at 1.) This is a particularly half-hearted attempt to comply with Rule 16's "good cause" requirement. When was the trial? How long was it? Was Plaintiff's counsel already aware of it when the parties agreed to the scheduling order in this case, which provided eight months to complete depositions? Are the other three attorneys who have made appearance on behalf of Plaintiff incapable of conducting depositions? The absence of such information, coupled with the belated timing of the extension request and the fact that docket doesn't reflect the service of any discovery, the noticing of any depositions, or any other action over the last three months, strongly suggests a showing of diligence can't be made here.

---

[1] The parties' briefs alternately refer to this firm as "Felten" and "Felton."

(*Id.* at 2.) The Court "grudgingly" agreed to "a modest extension" of the fact discovery deadline, extending it to May 3, 2019 (a seven-week extension, rather than the 13-week extension to which the parties stipulated). (*Id.*) The Court expressly declined to extend any other deadlines. (*Id.*)

Because the case had been reassigned to the undersigned judge, the Court also issued an entirely new Amended Case Management Order (Doc. 32), "altering various procedures and the fact discovery deadline but otherwise retaining the deadlines from the original Scheduling Order." (Doc. 31 at 2.) The Court further ordered that "any motion or stipulation to modify the Amended Case Management Order . . . will be viewed with disfavor by the Court and will be granted only in the case of demonstrable good cause." (*Id.* at 2-3.)

On May 1, 2019, the parties filed a second stipulation to amend case deadlines, requesting an extension of the fact discovery deadline from May 3, 2019 to January 3, 2020. (Doc. 58.) The parties asserted that good cause supported the request because (1) "due to technology issues (corrupt files), a supplemental disclosure of documents by USIC failed," (2) the parties were attempting to resolve a discovery dispute, (3) "as in most cases, the depositions of the key witnesses disclosed additional fact witnesses that the parties may wish to depose," and (4) "repairs of construction defects are continuing." (*Id.* at 3.)

On May 2, 2019, the Court granted the parties' stipulation and extended the fact discovery deadline to January 3, 2020. (Doc. 59.)

On July 19, 2019, USIC filed the now-pending motion for another extension of the deadlines in this case. (Doc. 68.)

## DISCUSSION

A. <u>Parties' Arguments</u>

The gist of USIC's extension request is that it didn't receive a set of key engineering files from Felten and PGG until very recently (June 24, 2019 for Felten and July 11, 2019 for PGG), the files are voluminous, and it would be impossible for its expert to review the

files and issue a report by the current expert-disclosure deadline of August 16, 2019. (Doc. 68.) USIC further contends that it was diligent in attempting to obtain the files earlier and that Dorn is at fault for the delay, because Dorn initially raised a host of now-withdrawn objections to USIC's subpoenas to Felten and PGG that caused the production process to be delayed by over two months. (*Id.*)

In its opposition, Dorn contends that USIC displayed a lack of diligence by waiting until mid-April 2019 to issue the subpoenas to Felten and PGG, because USIC has known since the middle of 2017 that those firms played a key role in the underlying investigation. (Doc. 72.) Dorn further contends that USIC's attempt to blame it for the delay in production is misplaced—it acted quickly to review, format, Bates-label, and produce the underlying documents and the overall production time was normal given the high volume of documents being produced. (*Id.*) Finally, Dorn notes that "USIC does not say when its experts were hired (if at all), when they started work (if at all), or explain . . . how their work has been delayed by the timing of the disclosure of Felten's and PPG's full files. USIC completely fails to connect the dots." (*Id.* at 8.)

In its reply, USIC takes issue with Dorn's suggestion that it waited until mid-April 2019 to request the Felten/PPG files for the first time. (Doc. 74.) It contends that it made repeated informal requests to Dorn for the underlying documents, which were rebuffed, and also contends it shouldn't have even been required to issue a subpoena for the documents because Dorn should have automatically disclosed them at the start of the case pursuant to Dorn's MIDP obligations. (*Id.*)

B.    Analysis

USIC's motion will be denied. Admittedly, there is some surface appeal to USIC's argument that it shouldn't have been forced to issue a subpoena for the Felten/PPG files and that Dorn should have automatically produced them at the start of the case pursuant to the MIDP. Nevertheless, the bottom line is that USIC never filed a motion to compel as to these documents and instead waited until mid-April 2019 to make its first formal effort to obtain them. This is an inexplicable delay given that USIC has known, since long before

this case was even filed, that Felten and PGG were the engineering firms used by Dorn during its investigation.

The Court is also unpersuaded by USIC's argument that it should have received the subpoenaed documents within two weeks of when it issued the subpoenas to Felten and PGG (*i.e.,* by April 30, 2019) and that it was Dorn's stall tactics that caused the production to be delayed by two months. USIC acknowledges the documents at issue are voluminous: "[T]he Felten files consist of almost 5,000 files, with over eight gigabits of data, and the PGG files consist of more than 13,000 files, with over 40 gigabits of data." (Doc. 74 at 6, quotations omitted.) It is not realistic to expect such a voluminous production to occur on the drop of a hat. Thus, by waiting until mid-April 2019 to issue the subpoenas—only four months before the expert-disclosure deadline—USIC helped create the very problem about which it now complains.

Finally, USIC's lack of diligence in pursuing the Felten/PGG files must be placed in the greater context of this case. The docket reflects zero discovery-related activity between October 31, 2018 and March 29, 2019, and the parties' first request to extend the fact-discovery deadline was filed five days *after* that deadline had expired. Moreover, in the parties' most recent stipulation, filed on May 1, 2019, the parties noted they were having a discovery dispute concerning "certain documents" (which was presumably a reference to the Felten/PGG files) but didn't suggest this dispute had any bearing on the existing expert deadlines. (Doc. 58 at 3.) To the contrary, the parties made clear they were only seeking to extend certain "fact discovery" deadlines and emphasized that the deadline for the close of expert discovery would remain unchanged. (*Id.* at 4.)

Accordingly,

**IT IS ORDERED** that USIC's Motion to Extend the Amended Scheduling Order (Doc. 68) is **denied**.

Dated this 2nd day of August, 2019.

Dominic W. Lanza
United States District Judge