**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Specialty Insurance Company, | No. CV-18-08092-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Dorn Homes Incorporated, | |
| Defendant. | |

Before the Court is Defendant Dorn Homes, Inc.'s ("Defendant" or "Dorn") Motion to Compel Documents Withheld as Attorney Work Product. (Doc. 123.) Defendant seeks to compel Plaintiff United Specialty Insurance Company ("Plaintiff" or "USIC") to "produce documents USIC is improperly withholding as protected by the attorney work product doctrine related to its claims and coverage decisions." (*Id*. at 1.) Plaintiff argues that it has produced the required documents and that any materials not communicated by counsel to Plaintiff, or that were prepared after the lawsuit was filed, were properly withheld. (Doc. 130.) Oral argument was held on January 28, 2020. The motion is granted.

**I.     BACKGROUND**

Because the parties are familiar with the facts and proceedings (*see* Doc. 126), the Court will recount only that which is directly relevant to the pending motion. Defendant tendered a claim to Plaintiff (via a third-party administrator, National Claim Services, Inc.) in early 2017 for costs and expenses incurred to repair various problems in its residential subdivision in Prescott Valley, Arizona. Plaintiff, in turn, retained Jay Graif of the law firm

Gust Rosenfeld P.L.C. as legal counsel on or about February 6, 2018. (Doc. 130 at 2.) Mr. Graif asserted at oral argument that he has provided opinions and advice to his client in connection with the underlying claim adjustment process. He also drafted a letter to David Grounds of Dorn on May 1, 2018, wherein USIC denied most indemnity claims for five of the 87 homes at issue. (Doc. 123-3 at 1–19.) USIC filed the pending declaratory judgment action the next day, on May 2, 2018. (Doc. 1.) Repairs and remediation of the relevant homes remain ongoing at this time, as does the claim adjustment process. (Doc. 123 at 3).

The parties agree that the Arizona Court of Appeals case *Desert Mountain Properties Ltd. Partnership v. Liberty Mutual Fire Insurance Co.*, 225 Ariz. 194 (App. 2010), *aff'd*, 226 Ariz. 419 (2011) will be significant in determining the scope of coverage in this case. *Desert Mountain* has been referenced before and during the litigation including, at minimum, in an October 19, 2017 letter from Defendant's counsel, Dennis Wilenchik, to Plaintiff (Doc. 130 at 2); a February 19, 2018 email from Mr. Graif to William Fisher at NCS (Doc. 123-6 at 42); the "Large Loss Report" dated March 13, 2018, that USIC sent to reinsurers (Doc. 123-4); and the May 1, 2018 letter from Mr. Graif to Mr. Ground.

On August 2, 2019, Defendant filed a motion to compel which, although not identical to the present motion, argued that "USIC expressly waived privilege over any USIC or Gust Rosenfeld analysis related to *Desert Mountain*[.]" (Doc. 76 at 17.) Defendant ultimately withdrew that motion to compel pursuant to the parties' stipulation. The stipulation states, in part, that "USIC withdraws its claim of attorney-client privilege and will produce without redactions any documents withheld on the grounds of attorney-client privilege." (Doc. 89 at 1.) The Court entered the parties' stipulation on August 21, 2019. (Doc. 90 at 1.)

The pending motion states that after Dorn filed the motion, "USIC agreed to waive the attorney-client privilege and asserted advice of counsel as a defense." (Doc. 123 at 2.) The advice of counsel defense is not clearly articulated in any case filing at this time.[1]

---

[1] The Court understands, however, that the parties will shortly file a stipulation to include an amendment of Plaintiff's Answer to Counterclaim (Doc. 14) and a Mandatory Initial

However, Mr. Graif clarified at oral argument that the advice of counsel defense was made in response to Defendants' bad faith counterclaim and broadly applies to the issue of the scope of coverage under the relevant insurance policies. Defendant subsequently served Gust Rosenfeld with a subpoena seeking eight categories of documents, including "All documents relating to coverage of Dorn's claim/claims tendered to USIC in or around May 2017," all communications between Gust Rosenfeld and USIC "relating to coverage of Dorn's claim/claims tendered to USIC in or around May 2017," and records of phone calls between Gust Rosenfeld and USIC relating to the same. (Doc. 98-1 at 5.)

Following further dispute, Defendant filed the pending motion to compel on January 7, 2020. (Doc. 123.) The motion includes Gust Rosenfeld time entries showing "that more than 50 hours of Gust Rosenfeld time has been dedicated solely to researching and analyzing *Desert Mountain* and related cases and preventative measure issues." (Doc. 123 at 6.) Defendant states, however, that the only documents it has received in connection with *Desert Mountain* are the February 19, 2018 email from Mr. Graif to Mr. Fisher and the Large Loss Report. (Doc. 123 at 5.) According to Defendant, the billing records indicate a "disparity between what USIC produced and the coverage analysis its counsel conducted on *Desert Mountain*." (Doc. 123 at 5.)

Defendant argues that the withholding of documents and communications is improper for three independent reasons. First, Plaintiff's assertion of an advice of counsel defense waived work product protections for pre- and post-lawsuit documents related to coverage determinations. Second, Plaintiff waived work product protection under the Federal and Arizona Rules of Evidence 502. And third, Defendant has a "substantial need" for the information and has no other way to obtain it. (Doc. 123 at 2.) Defendant requests "that USIC be compelled to produce documents related to coverage prepared by USIC's counsel, including all documents containing research and analysis on *Desert Mountain* and preventative damages." (*Id.*)

Plaintiff states that it has not withheld "any documents or communications relating

Discovery Pilot ("MIDP") statement regarding the scope of the advice of counsel defense. (Doc. 143.)

to research and analysis of *Desert Mountain* or preventative measures (regardless of whether or not Gust Rosenfeld provided those documents or communications to USIC)" that were created prior to the lawsuit's May 2, 2018 filing. (Doc. 130 at 3–4.) However, Plaintiff notes that there is "conflicting" case law regarding documents uncommunicated to a client, and that it is not required to disclose post-lawsuit attorney work product. Plaintiff's response identifies "three documents [that] were created that involved an analysis of *Desert Mountain*" that have not been provided to Defendant, which are dated June 18, 2018, July 31, 2018, and October 16 and 19, 2018, respectively. (Doc. 130 at 10.)

## II. LEGAL STANDARD

Federal law governs the application of the work product doctrine. *See Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379, 382 (D. Ariz. 2010) ("Unlike the attorney-client privilege, federal law governs the application of the work product doctrine in this case."). Documents prepared in "anticipation of litigation or for trial" are protected as attorney work product. Fed. R. Civ. P. 26(b)(3)(A). This protection applies to documents prepared "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* Rule 26(b)(3) states that otherwise protected materials may be discoverable if a party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). The work product doctrine's protections are also waivable. *See United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024 (3d ed.) ("Waiver…can remove preexisting work product protection.").

## III. ANALYSIS

### A. Advice of Counsel Defense

The parties dispute the extent to which Plaintiff waived protection of documents and communications when it raised an advice of counsel defense. Plaintiff concedes that in asserting an advice of counsel defense, it "waived its ability to assert attorney-client protection over any communications with its counsel pertaining to the subject matter over

which advice of counsel is asserted." (Doc. 130 at 5.) The parties dispute, however, (1) whether "the assertion of an advice of counsel defense permits a plaintiff to view the work product of an attorney file that was not communicated to the client" and (2) whether Plaintiff waived protection of those documents prepared after the complaint was filed on May 2, 2018. (Doc. 130 at 5.) The Court will address these issues in turn.

### 1. Documents Not Communicated to the Client

Case law is not uniform on the issue of whether an advice of counsel defense waives work product protection for uncommunicated documents in an attorney's file.[2] For example, the Federal Circuit has held, in the patent infringement context, that the advice of counsel defense does not waive work product protection for documents that were not communicated to the client because "if a legal opinion or mental impression was never communicated to the client, then it provides little if any assistance to the court in determining whether the accused knew it was infringing, and any relative value is outweighed by the policies supporting the work-product doctrine." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). The court explained that upon invocation of the advice of counsel defense, "communicative documents, such as opinion letters, become evidence of a non-privileged, relevant fact, namely what was communicated to the client." *Id.* at 1303. However, "counsel's legal opinions and mental impressions that were not communicated do not acquire such factual characteristics and are, therefore, not within the scope of the waiver." *Id.* at 1303–04.

This Court has relied on *EchoStar* to hold that uncommunicated documents "provide

---

[2] The Court notes that Plaintiff's waiver of the attorney-client privilege, as opposed to the work product doctrine, does not apply to documents that were uncommunicated to Plaintiff. (Defendant does not argue this point.) The Arizona Supreme Court has held that "in cases such as this in which *the litigant* claiming the privilege *relies* on and advances as a claim or defense a subjective and allegedly reasonable evaluation of the law—but an evaluation that necessarily incorporates what the litigant learned from its lawyer—the communication is discoverable and admissible." *State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52, 58 ¶ 15, (2000) (emphasis in original). As the court made clear, the focus and purpose of the waiver is based on what the party actually knew. The attorney-client privilege therefore does not apply to documents and communications that Plaintiff never received.

little assistance to the court in determining what the defendant knew and any relative value is outweighed by the policies supporting the work product doctrine." *City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 1797308, at *16 (D. Ariz. Apr. 29, 2013) (citation omitted). *See also Thorn Emi N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 622 (D. Del. 1993) (declining to find that an advice of counsel defense waives the attorney work product doctrine for uncommunicated documents because "this Court does not believe a party's assertion of good faith reliance on advice of counsel necessarily puts counsel's work product at issue….Counsel's mental impressions, conclusions, opinions or legal theories are not probative of that state of mind unless they have been communicated to that client.").

However, the Court is ultimately more convinced by the line of authority holding that a party may not invoke the sword of an advice of counsel defense and also raise the shield of the work-product doctrine. As this Court noted in *Melendres v. Arpaio* (a more recent case than *City of Glendale*, *supra*), "Fairness requires that Plaintiffs be given the opportunity to fully test the legitimacy of Defendants' advice of counsel defense, Fed. R. Evid. 502(a), which involves permitting Plaintiffs inquiry into the basis and facts surrounding the advice provided by counsel, not just those materials that communicated the advice to Defendants." *Id.*, No. CV-07-2513-PHX-GMS, 2015 WL 12911719, at *4 (D. Ariz. May 14, 2015). The Court reasoned that "[w]ork product, including uncommunicated work product, may reveal communications between Defendants and their counsel and would be highly probative of what information Defendants' counsel considered, the reasonableness of its advice, and whether Defendants relied on the advice in good faith. Plaintiffs' need to discover this information, out of fairness, outweighs Defendants' interest in protecting work product[.]" *Id.* at *4.

Indeed, "[d]istrict courts in the Ninth Circuit have routinely held that reliance on the advice of counsel defense waives work product protection for both undisclosed and disclosed documents and information." *Adidas Am., Inc. v. Payless Shoesource, Inc.*, No. CV 01–1655, 2006 WL 2999739, at *2 (D. Or. Oct. 19, 2006). *See, e.g., Aspex Eyewear,*

*Inc. v. E'Lite Optik, Inc.*, 276 F. Supp. 2d 1084, 1092–93 (D. Nev. 2003) ("Fundamental fairness compels the conclusion that a litigant may not use reliance on advice of counsel to support a claim or defense as a sword in litigation, and also deprive the opposing party the opportunity to test the legitimacy of that claim by asserting the attorney-client privilege or work-product doctrine as a shield. This court joins those courts that have held that the defendant, having waived the privilege by asserting the advice of counsel defense, must produce not only attorney-client communications, but also all documents relied upon or considered by counsel in rendering the opinions relied upon."); *Dunhall Pharmaceuticals, Inc. v. Discus Dental, Inc.*, 994 F. Supp. 1202, 1205 (C.D. Cal. 1998) ("[T]he Court finds that making a distinction based only on whether something was communicated creates a potential difficulty in classifying evidence. Evidence in an attorney's file is not always going to clearly reflect whether its contents were communicated to the client."); *Mushroom Assocs. v. Monterey Mushrooms, Inc*., No. C-91-1092 TEH (PJH), 1992 WL 442892, at *5 (N.D. Cal. May 19, 1992) ("[T]he plaintiff's need for this information is compelling. The only way plaintiff can attack the defendants' advice of counsel defense is by having access to circumstances and factors surrounding the advice. Discovery of mental impression work product may be the only way to have access to the circumstances and factors surrounding the advice."); *In re Broadcom Corp. Sec. Litig.*, No. SACV 01275GLTMLGX, 2005 WL 1403513, at *3 (C.D. Cal. Apr. 7, 2005), *aff'd*, No. SA CV 01275GLTMLGX, 2005 WL 1403508 (C.D. Cal. May 10, 2005) ("Given the fairness principles underlying waiver in this circumstance and the liklihood [sic] that work product material may be relevant to determining Defendants' state of mind and knowledge, Defendants' reliance on the advice of counsel defense has waived the protections of the work product doctrine as to the same subject matter.").

In reaching this conclusion, the Court is persuaded by Defendant's argument that to rule otherwise "would ignore the vast number of ways Gust Rosenfeld could share information with USIC without technically sending a document, especially with modern technology." (Doc. 123 at 2.) The Court agrees with Defendant that to permit these

1    documents to remain privileged would "ignore[] the potential for litigation abuses, and
2    erects too much of an impediment to the truth seeking process. Counsel for the opposing
3    party should not be able to act as the gatekeeper to determine what information their
4    adversary is entitled to have." *Aspex Eyewear, Inc.*, 276 F. Supp. 2d at 1093. The Court is
5    also mindful of the role that Mr. Graif has played in USIC's claim adjustment process, as
6    well as his assertion that he has had "numerous" telephone calls to discuss research filings
7    with his client. (Doc. 123 at 6.) The Court finds that, particularly in light of these factors,
8    uncommunicated work product is likely to have influenced the advice of counsel defense
9    in this case.

The Court will require Plaintiff to produce, through Gust Rosenfeld, documents and communications prepared by counsel, including documents containing research and analysis on *Desert Mountain* and preventative damages, even if they were not communicated to Plaintiff.

### 2. Created Post-Lawsuit

The next issue is whether waiver of the work product protection applies throughout the entire course of the litigation, or, as Plaintiff argues, only prior to the May 2, 2018 filing of the complaint. Defendant argues that the waiver should not be temporally limited because "[t]his is not a case where the advice USIC is relying on for its defense ended with the filing of the lawsuit. When the lawsuit was filed, USIC had still not finalized claims and coverage decisions for the vast majority of the homes in Quailwood subdivision." (*Id.*) Plaintiff, for its part, asserts that case law supports its position that, "Any documents prepared by Mr. Graif and/or other attorneys at Gust Rosenfeld in anticipation of litigation and that were created after May 2, 2019 have been properly withheld." (Doc. 130 at 6.)

The Court recognizes that there is "conflicting authority" on this issue, as well. *BASF Aktiengesellschaft v. Reilly Indus., Inc.*, 283 F. Supp. 2d 1000, 1005 (S.D. Ind. 2003). Some courts have concluded that the waiver ends upon the lawsuit's filing. For example, in *Dunhall Pharmaceuticals*, referenced above, the court held that "[o]nce the lawsuit is filed, the waiver of work product protection ends. This temporal limitation follows from

the enhanced interest in protecting against disclosure of trial strategy and planning. Following the filing of the lawsuit, defense counsel is engaged in critical trial preparation, often including analysis of the weaknesses of their client's case. Such analysis, while likely related to the subject matter of the asserted defense, is fundamentally different from a similar pre-litigation analysis." *Id.* at 1206. *See also Motorola, Inc. v. Vosi Technologies, Inc.*, 2002 WL 1917256, *2 (N.D.Ill.2002) ("[I]f a party's reliance on advice of counsel to defend a claim of willful infringement resulted, without more, in a waiver of the attorney-client and work-product privileges pertaining to the opinions of its trial counsel, it would inappropriately chill communications between trial counsel and client and would impair trial counsel's ability to give the client candid advice regarding the merits of the case."); *Carl Zeiss Jena GmbH v. Bio-Rad Labs. Inc.*, No. 98 CIV. 8012 RCC DFE, 2000 WL 1006371, at *2 (S.D.N.Y. July 19, 2000) ("I conclude that the law as to temporal scope has been stated correctly by Judge Keller in *Dunhall Pharmaceuticals v. Discus Dental*, 994 F.Supp. 1202, 1206 (C.D.Cal.1998)[.]").

Given the specific circumstances of this case, this Court is more convinced by those cases finding that a temporal limitation is not appropriate. For example, one court has "specifically reject[ed]" *Dunhall Pharmaceuticals* and other cases applying a temporal limitation because "[t]hose cases presume that nothing that transpires during litigation should be pertinent to the client's state of mind. This presumption is not in accord with the reality of litigation." *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1188 n.4 (E.D. Cal. 2001). The Court notes that Plaintiff is correct that the *Chiron Corp.* opinion cites two cases[3] stating the more limited standard that "fairness is served by allowing the opposing party to have access to documents *casting doubt or contradicting those opinions*—even if prepared by trial counsel after suit was commenced." *Id.* at 1188 (emphasis added). However, as indicated above, the ultimate *Chiron Corp.* holding was clear and unlimited. *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 765 F. Supp. 611, 613 (N.D. Cal. 1991) ("[U]nder the law this court finds persuasive, and in light

---

[3] *Beneficial Franchise Co. v. Bank One,* 205 F.R.D. 218 (N.D. Ill. 2001) and *Thermos Co. v. Starbucks Corp.*, No. 96 C 3833, 1998 WL 781120) (N.D. Ill. Nov. 3, 1998).

1  of policy considerations, it is not appropriate thereafter for the waiving parties or judge to
2  limit the waiver on a temporal basis.").

3    Other courts appear to take for granted that a temporal limitation does not apply.
4  *See, e.g., Melendres*, 2015 WL 12911719, at *4. ("Accordingly, the Court finds that
5  Defendants' reliance on advice of counsel waives work-product protection over *all*
6  *materials* generated by counsel relating to the Preliminary Injunction.") (emphasis added);
7  *Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 266 F. Supp. 2d 1144,
8  1149 (C.D. Cal. 2003) ("*all documents and communications* that are probative of the
9  infringer's state of mind, whether admissible at trial or not, should be discoverable.")
10 (emphasis added).

11   In reaching its conclusion, the Court is particularly persuaded by the fact that the
12 filing of the complaint did not form a clear cutoff of research and analysis that would
13 inform the advice of counsel defense. As noted, Plaintiff filed the pending declaratory relief
14 action on May 2, 2018, after issuing a coverage determination for five of the 87 homes at
15 issue the previous day. (Doc. 73 at 4.) The parties do not dispute that Defendant continues
16 to pay for repairs and remediation on the 87 homes, and that the claims adjustment process
17 remains fluid and ongoing at the time of filing. Further, billing records reveal that Gust
18 Rosenfeld engaged in research regarding *Desert Mountain* and preventative measures in
19 the days immediately following the complaint's May 2, 2018 filing (for example,
20 "Extensive national legal research 'preventative measures'; coverage for same" on May 4,
21 2018, and "Review Case law cited in Desert Mountain Properties and begin analyzing how
22 a court is likely to rule on preventative measures" on May 7, 2018) as well as into the
23 following months and year. (Doc. 123-5 at 9.)

24   The Court will accordingly require Plaintiff to produce, through Gust Rosenfeld,
25 documents and communications containing research and analysis on *Desert Mountain* and
26 preventative damages, whether prepared before or after the initiation of the case.

27   **B.   Other Issues**
28   Because the Court agrees that Plaintiff's invocation of the advice of counsel defense

waived its work product protection for both communicated and uncommunicated documents created prior to and after the lawsuit's filing, the Court does not address Defendant's alternative arguments.

The Court emphasizes that the fact discovery deadline in this case is February 7, 2020 and the dispositive motion deadline is February 28, 2020. (Doc. 118 at 2 ("There will be no further extensions of these deadlines."))

IV. **CONCLUSION**

Permitting one party to invade, through the discovery process, its adversary's lawyer's files is a difficult decision. The specific facts of this case and the procedural posture of the pending motion dictate the result ordered here. Ultimately, while recognizing that the documents and communications that Defendant seeks would normally be protected, the Court agrees that "invoking the advice of counsel defense is not a painless decision or a free lunch. There are discovery consequences to such an assertion. Fairness requires that a party who seeks to be absolved of willful infringement because it relied on counsel's advice pay the discovery price." *Chiron Corp.*, 179 F. Supp. 2d at 1189–90.

Accordingly,

**IT IS ORDERED** that Defendant Dorn Homes, Inc.'s Motion to Compel Documents Withheld as Attorney Work Product (Doc. 123) is **granted**. Plaintiff United Specialty Insurance Company must produce, no later than **January 31, 2019**, all documents containing research and analysis on *Desert Mountain* and preventative damages prepared by USIC's coverage counsel and that form the basis of USIC's advice of counsel defense, whether or not communicated by counsel to Plaintiff, and whether or not created post-lawsuit.

Dated this 28th day of January, 2020.

Michael T. Liburdi
United States District Judge